**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES LEONARD REYNAGA ESTELLA, | No. 10-72494 |
| Petitioner, | Agency No. A046-871-093 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

James Leonard Reynaga Estella, a native and citizen of Peru, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the denial of Reynaga's CAT claim, because he has not shown it is more likely than not he will be tortured by or with the consent or acquiescence of the government of Peru if he is returned. *See Delgado v. Holder*, 648 F.3d 1095, 1108 (9th Cir. 2011) (en banc).

We reject Reynaga's contention that the BIA abused its discretion by relying on boilerplate language, as it is contradicted by the record.

In denying Reynaga's asylum and withholding of removal claims, the agency found Reynaga failed to establish a well-founded fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Reynaga's asylum and withholding of removal claims to determine the impact, if any, of these

decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this remand, we do not reach Reynaga's arguments regarding whether his past harm rose to the level of persecution or whether he has a well-founded fear of future persecution.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**